UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LA VERNE FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04271-JMS-DLP |
| | ) | |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY

*Pro se* Plaintiff La Verne Foster brought this lawsuit in November 2017, alleging that her former employer, the U.S. Postal Service ("USPS"), discriminated against her in several ways. Presently pending before the Court are several motions: Ms. Foster's Motion to Amend the Agenc[y's] Final Decision Received Untimely, [Filing No. 48], USPS's Motion for Partial Summary Judgment, [Filing No. 49], Ms. Foster's three Motions for Assistance with Recruiting Counsel, [Filing No. 60; Filing No. 61; Filing No. 65], and Ms. Foster's Motion to Proceed *In Forma Pauperis*, [Filing No. 66]. For the reasons set forth below, the Court **GRANTS** USPS's Motion and **DENIES** Ms. Foster's Motions.

### I.
#### PROCEDURAL HISTORY

On November 15, 2017, Ms. Foster filed her *pro se* Complaint against a variety of defendants. [Filing No. 1.] The Court screened Ms. Foster's Complaint and held that her lawsuit could proceed against the USPS, her former employer. [Filing No. 4.] After numerous attempts to amend her Complaint, [*see* Filing No. 15 (denying motions to amend); Filing No. 24 (same); Filing No. 32 (same)], the Court recruited counsel for the limited purpose of assisting Ms. Foster

in preparing a legally-sufficient Amended Complaint, [Filing No. 33]. With assistance of recruited counsel, Ms. Foster filed her currently-operative Amended Complaint, alleging employment discrimination and retaliation claims under Title VII and the Rehabilitation Act, an unpaid wage claim, and breach of contract. [Filing No. 41.] Following the filing of Ms. Foster's Amended Complaint, recruited counsel sought and were granted leave to withdraw on May 1, 2018. [Filing No. 47.]

Since Ms. Foster's recruited counsel ended their limited representation, Ms. Foster has filed a Motion to Amend the Agenc[y's] Final Decision Received Untimely, [Filing No. 48], three Motions for Assistance with Recruiting Counsel, [Filing No. 60; Filing No. 61; Filing No. 65], a Motion to Proceed *In Forma Pauperis*, [Filing No. 66], and a newly-submitted proposed complaint, [Filing No. 67], among other things. The USPS has filed a Motion for Partial Summary Judgment. [Filing No. 49.] These filings are ripe for review, and the Court begins by addressing USPS's Motion before turning to Ms. Foster's filings.

## II.
### MOTION FOR PARTIAL SUMMARY JUDGMENT

**A. Legal Standard**

The USPS styled their Motion in the alternative, as either a Partial Motion to Dismiss or a Motion for Partial Summary Judgment. The basis for the USPS's Motion is Ms. Foster's alleged failure to exhaust administrative remedies with respect to some of her claims. But failure to exhaust is an affirmative defense, inappropriate for determination under Rule 12(b)(6) unless "the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim." *Mosely v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006). Moreover, the USPS does not rely solely upon judicially noticeable documents in support of its Motion, but cites to an affidavit of someone with knowledge of the

administrative dockets at issue. [*See* Filing No. 49-1.] The Court may treat USPS's Motion as a Motion for Summary Judgment if all parties have received "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, the USPS's Motion and brief set forth the appropriate summary judgment standard and expressly seek summary judgment as an alternative to dismissal. Most importantly, the USPS served on Ms. Foster the notice required by Local Rule 56-1(k), advising her that their factual assertions "will be accepted by the Court as being true unless you submit your own affidavits or other admissible evidence disputing those facts." [Filing No. 51.] *But cf. Dirig v. Wilson*, 609 F. App'x 857, 859-60 (7th Cir. 2015) (reversing grant of summary judgment against *pro se* plaintiff where district court negated defendant's notice by issuing order advising plaintiff that he could rely solely upon the pleadings). Ms. Foster also appeared to be aware of the need to submit evidence because, while not responsive to the USPS's evidence, Ms. Foster submitted hundreds of pages of exhibits with her response brief. Ms. Foster had the required notice and opportunity to respond to USPS's evidence. The Court therefore treats Ms. Foster's motion as a Motion for Partial Summary Judgment.

    A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as

4

to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

### B. Facts for Summary Judgment

The following factual background is set forth pursuant to the standards detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005). Where, as here, the nonmoving party fails to controvert the moving party's factual assertions, the Court takes the moving party's assertions as true to the extent the assertions are supported by admissible evidence. *See* S.D. Ind. L.R. 56-1(f) ("In deciding a summary judgment motion, the court will assume that[] the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that[] the non-movant specifically controverts the facts . . . with admissible evidence . . . ."). This rule applies in this case despite Ms. Foster's *pro se* status. While the Court must "construe *pro se* filings liberally," *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), "even *pro se* litigants must follow rules of civil procedure," *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

As relevant to USPS's Motion for Summary Judgment, three of the EEO complaints out of which Ms. Foster's claims arise remained under administrative review at the time she filed this lawsuit.

### 1. Agency No. 1J-461-0013-02

The first such proceeding concerns Agency Number 1J-461-0013-02.[1] The matter arises out of a settlement agreement dated December 3, 2001 between the USPS and Ms. Foster. [*See* Filing No. 49-2 at 1*.*] As part of the agreement, "Management agrees to abide by the Permanent Rehabilitation Job Offer—IOD dated November 6, 2001," and "Ms. Smithson will speak to the supervisors in order to attempt to locate Ms. Foster in a permanent area so she is not moved from case to case." [Filing No. 49-2 at 1; Filing No. 49-4.] The settlement agreement provided:

> Any alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the EEO Office within 30 days of the alleged breach. The statement of noncompliance may include a request that the terms of the settlement be specifically implemented or alternatively, that the complaint be reinstated for further processing from the point processing ceased.

[Filing No. 49-2 at 1.]

Ms. Foster submitted a letter to EEO Compliance on October 5, 2017, alleging that the USPS had breached the 2001 settlement agreement. [Filing No. 41 at 3; Filing No. 49-3 (letter from Ms. Foster dated October 5, 2017 complaining of breach); Filing No. 49-4.] On October 18, 2017, the USPS issued a final determination, finding Ms. Foster's complaint to be untimely and finding that the USPS had not breached the settlement agreement. [Filing No. 49-4.]

On October 21, 2017, Ms. Foster filed an appeal with the Equal Employment Opportunity Commission Office of Federal Operations ("OFO"). [Filing No. 49-5; Filing No. 41 at 3.] As of May 25, 2018, Ms. Foster's appeal remained pending. [Filing 49-1 at 2.]

---

[1] The USPS notes that Ms. Foster's Amended Complaint refers to this EEO complaint as "Agency No. 1J-461-0013-12," [Filing No. 41 at 3], and asserts that the reference to this number must have been a typographical error, explaining that none of Ms. Foster's complaints bear that number and that the allegations reflected in her Amended Complaint mirror the subject matter of Agency No. 1J-461-0013-02, [Filing No. 50 at 2]. Ms. Foster does not dispute the USPS's argument. The Court therefore construes Ms. Foster's Complaint as alleging claims based upon Agency No. 1J-461-0013-02.

### 2. Agency No. 1J-461-0013-14

On April 2, 2014, Ms. Foster filed an EEO Complaint of Discrimination, Agency No. 1J-461-0013-14, alleging sex discrimination and harassment. [[Filing No. 41 at 2](); [Filing No. 49-6]().] On April 21, 2014, USPS accepted Ms. Foster's complaint of discriminatory harassment for investigation. [[Filing No. 49-7]().] On July 15, 2014, the USPS sent Ms. Foster the report from her investigation and informed her of her right to request a final agency decision, with or without a hearing. [[Filing No. 49-8]().] On August 6, 2014, Ms. Foster, by counsel, requested a final agency decision. [[Filing No. 49-9]().] On September 15, 2014, the USPS issued its final decision, concluding that "the evidence does not support a finding that the complainant was subjected to discrimination as alleged." [[Filing No. 49-15 at 19]().] The decision informed Ms. Foster of her right to appeal to the OFO or to file a civil lawsuit in district court. [[Filing No. 49-15 at 19-20]().]

In October 2014, Ms. Foster, proceeding without counsel, appealed the USPS's final decision to the OFO. [[Filing No. 49-11](); [Filing No. 49-12]().] On March 8, 2017, the OFO issued a decision vacating the USPS's final decision and ordering the USPS to conduct additional investigation and render a new decision. [[Filing No. 49-13]().] On June 29, 2017, following the supplemental investigation, the USPS issued a new final decision again concluding that "the evidence does not support a finding that the complainant was subjected to discrimination as alleged." [[Filing No. 49-15 at 23]().] The decision informed Ms. Foster of her right to appeal to the OFO or to file a civil lawsuit in district court. [[Filing No. 49-15 at 23-24]().]

On July 10, 2017, Ms. Foster filed an appeal with the OFO. [[Filing No. 49-16](); [Filing No. 49-17]().] As of May 25, 2018, Ms. Foster's appeal remained pending. [Filing 49-1 at 2.]

### 3. Agency No. 4J-460-0066-17

On August 21, 2017, Ms. Foster filed an EEO complaint, Agency Number 4J-460-0066-17, alleging disability discrimination and retaliation. [Filing No. 49-18.] The USPS accepted the complaint for investigation as to certain issues and declined to investigate other issues for various reasons. [Filing No. 49-19.] On November 13, 2017, the USPS consolidated her EEO claim in Agency Number 1J-461-0048-17, which had been remanded from the OFO, into her claim filed in Agency Number 4J-460-0066-17. [Filing No. 49-20.]

On February 12, 2018, the USPS sent Ms. Foster the report from her investigation and informed her of her right to request a final agency decision, with or without a hearing. [Filing No. 49-21.] Ms. Foster did not timely request a hearing, so the USPS issued its final decision on May 10, 2018, concluding that "the evidence does not support a finding that the complainant was subjected to discrimination as alleged." [Filing No. 49-22 at 31.] The decision informed Ms. Foster of her right to appeal to the OFO or to file a civil lawsuit in district court. [Filing No. 49-22 at 31-32.]

### 4. Procedural History in this Court

On November 15, 2017, Ms. Foster brought suit in this Court. [Filing No. 1.] Attached to her initial Complaint were exhibits referencing each of the above Agency Numbers. [Filing No. 1-3 at 1 (referencing "Appeal No: 1-J-461-0013-14"); Filing No. 1-1 at 2 (referencing "Appeal No: 4 -J-460-0066-17"); Filing No. 1-3 at 3 (referencing "Agency No. 1-J-461-0013-02").] As noted above, with assistance of counsel, Ms. Foster amended her complaint on April 16, 2018. [Filing No. 39.] On May 25, 2018, the USPS filed its Motion for Summary Judgment, [Filing No. 49], contemporaneously filing and serving a Notice to *Pro Se* Litigant as required by Local Rule 56-1(k), [Filing No. 51.] The USPS's Motion is ripe for decision.

## C. Discussion

The USPS argues that Ms. Foster failed to exhaust her administrative remedies prior to bringing suit in each of the administrative matters discussed above, Agency Numbers 1J-461-0013-02, 1J-461-0013-14, and 4J-460-0066-17. [Filing No. 50 at 8-13.] The USPS argues that Ms. Foster failed to exhaust Agency Numbers 1J-461-0013-02 and 1J-461-0013-14 because she filed this lawsuit while they were pending on appeal with the OFO. [Filing No. 50 at 10-11.] The USPS argues that Ms. Foster failed to exhaust Agency Number 4J-460-0066-17 because she filed this lawsuit before receiving a final agency decision or before the 180 day waiting period for such a decision had expired. [Filing No. 50 at 11.]

Ms. Foster does not respond to the USPS's arguments on administrative exhaustion, but instead advances various arguments about the merits of her claims. [Filing No. 56.] The USPS reiterates its arguments in reply. [Filing No. 63.]

A federal employee, as with any other plaintiff, must exhaust all administrative remedies before bringing an employment discrimination suit under Title VII or the Rehabilitation Act. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013) (Title VII); *McGuiness v. U.S. Postal Serv.*, 744 F.2d 1318, 1320 (7th Cir. 1984) (Rehabilitation Act). The relevant federal regulation provides that such a plaintiff

> is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407; 42 U.S.C. § 2000e-16(c) (imposing same requirements). "'Exhaust' in this context means that the claimant must comply with the relevant preconditions [in the regulation] to bringing a lawsuit." *Reynolds*, 737 F.3d at 1099. While not jurisdictional, in the sense that the failure to comply with administrative exhaustion requirements may be waived by the defendant, "exhaustion is still a statutory requirement" and "[t]he government is entitled to insist on exhaustion." *Gray v. United States*, 723 F.3d 795, 798 (7th Cir. 2013) (discussing exhaustion requirements of several federal statutes). The purpose of exhaustion requirements is to ensure "respect for a coordinate branch of the federal government by giving the agency 'an opportunity to correct its own mistakes . . . before it is haled into federal court.'" *Gray*, 723 F.3d at 800 (alteration in original) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).

Here, the USPS has demonstrated that Ms. Foster failed to exhaust Agency Numbers 1J-461-0013-02 (appeal filed October 21, 2017) and 1J-461-0013-14 (appeal filed July 10, 2017). At the time Ms. Foster filed this lawsuit on November 15, 2017, the appeals had been pending for 25 and 128 days, respectively. 29 C.F.R. § 1614.407 and 42 U.S.C. § 2000e-16(c) both require that a plaintiff either wait for a "final decision on an appeal" and then bring suit within "90 days of receipt" of the final decision, or wait "180 days from the date of filing an appeal" if no final decision has been issued. 29 C.F.R. § 1614.407. Ms. Foster did neither, and she therefore failed to exhaust her administrative remedies. As a consequence, her claims regarding Agency Numbers 1J-461-0013-02 and 1J-461-0013-14 were brought prematurely and must be dismissed without prejudice.

The USPS has likewise demonstrated that Ms. Foster failed to exhaust Agency Number 4J-460-0066-17, which she filed on August 21, 2017. At the time Ms. Foster filed this lawsuit, her complaint had been pending for only 86 days, and the relevant provisions require that a lawsuit be

filed after 180 days "if an appeal has not been filed and final action has not been taken." 29 C.F.R. § 1614.407(b). Ms. Foster's claim is not saved by the fact that, on May 10, 2018 (six months after she filed her lawsuit in this Court), the USPS rendered a final decision. This is because "one must exhaust before rather than after suing." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 831-33 (1976)). Because the decision was not final as of the time Ms. Foster filed her Complaint, and because the required 180 days had not expired, Ms. Foster failed to exhaust her administrative remedies regarding Agency Number 4J-460-0066-17, which must therefore be dismissed without prejudice.

No genuine issue of material fact exists regarding Ms. Foster's failure to administratively exhaust Agency Numbers 1J-461-0013-02, 1J-461-0013-14, and 4J-460-0066-17 before bringing this lawsuit. As the Court has explained, exhaustion must be determined as of the date Ms. Foster filed her Complaint, and not based upon whether the claims have subsequently been exhausted. The Court is required to follow the regulatory and statutory administrative exhaustion rules, even if the USPS would not be able to raise a failure to exhaust defense were Ms. Foster to raise these claims anew. Therefore, the Court **GRANTS** the USPS's Motion for Partial Summary Judgment, [Filing No. 48], and **DISMISSES** Ms. Foster's claims regarding these EEO complaints **WITHOUT PREJUDICE**.

### III.
#### REMAINING MOTIONS

In addition to the USPS's Motion, Ms. Foster has filed several motions which are ripe for decision. Ms. Foster's Motion to Amend the Agenc[y's] Final Decision Received Untimely, [Filing No. 48], discusses the merits of several of her claims, but does not appear to request any particular relief that the Court can discern. The Court therefore **DENIES** Ms. Foster's Motion. Ms. Foster may have the opportunity to argue the merits of her claims that have been properly filed

11

in this case on summary judgment, after the completion of discovery, as directed in the Court's Scheduling Order dated July 1, 2018. [Filing No. 58.]

Ms. Foster's Response to the USPS's Motion for Partial Summary Judgment was also styled as a "Motion for Summary Judgement in Plaintiffs's [sic] Favor." [Filing No. 56.] The Court **DENIES** Ms. Foster's request for judgment in her favor. First, a motion may not be contained in a response brief. S.D. Ind. L.R. 7-1(a). Second, Ms. Foster's filing fails to demonstrate entitlement to judgment. As explained, Ms. Foster may have the opportunity to advance the merits of her case following the completion of discovery.

Ms. Foster has also filed several Motions for Assistance with Recruiting Counsel. [Filing No. 60; Filing No. 61; Filing No. 65.] The Court **DENIES** these Motions for the present. The Court has already recruited counsel to assist Ms. Foster in drafting a legally-sufficient Amended Complaint, and the issues in the case thus far have not been complicated. The USPS's Motion for Partial Summary Judgment, for example, turned solely on when Ms. Foster filed her Complaint in this Court. Ms. Foster may, if she wishes, renew her request for counsel to assist with settlement or at the merits stage of dispositive motions practice.

Ms. Foster has filed a Motion to Proceed *In Forma Pauperis*. [Filing No. 66.] As the Court explained in response to one of Ms. Foster's earlier motions, Ms. Foster was already "granted *in forma pauperis* status in this action on November 17, 2017." [Filing No. 62; Filing No. 4.] The Court therefore **DENIES** Ms. Foster's most recent request **as unnecessary**. Because Ms. Foster has already been granted *in forma pauperis* status, Ms. Foster should not file any additional motions for *in forma pauperis* status as long as this matter remains open in this Court.

Finally, Ms. Foster has submitted a *pro se* amended complaint dated July 9, 2018. [Filing No. 67.] But a party may not ordinarily amend her complaint without first seeking and receiving

leave of court. Fed. R. Civ. P. 15(a)(2). Ms. Foster has neither sought nor received leave of court to file an amended pleading. The Court therefore **STRIKES** Ms. Foster's submitted amended complaint. Ms. Foster's Amended Complaint, [Filing No. 41], drafted with the assistance of recruited counsel, remains Ms. Foster's operative pleading as modified by this order dismissing certain claims.

## IV.
### CONCLUSION

For the reasons described above, the Court rules as follows:

- The Court **GRANTS** USPS's Motion for Partial Summary Judgment [49] and **DISMISSES WITHOUT PREJUDICE** Ms. Foster's claims pertaining to Agency Numbers 1J-461-0013-02, 1J-461-0013-14, and 4J-460-0066-17.

- The Court **DENIES** Ms. Foster's Motion to Amend the Agenc[y's] Final Decision Received Untimely [48], "Motion for Summary Judgement in Plaintiffs's [sic] Favor" [56], and Motion to Proceed *In Forma Pauperis* [66].

- The Court **DENIES WITHOUT PREJUDICE** Ms. Foster's three Motions for Assistance with Recruiting Counsel [60] [61] [65].

- Finally, the Court **STRIKES** Ms. Foster's submitted amended complaint [67].

The USPS asserts that it "specifically retains the right to challenge [Ms. Foster's remaining] claims, if necessary, through future dispositive motions, as appropriate." [Filing No. 50 at 1.] The Court expects the USPS to raise any future claims to summary judgment in a single motion at the appropriate time, and will not entertain piecemeal dispositive motions practice from either party. *See, e.g.*, *Shanehsaz v. Johnson*, 2017 WL 2901213, at *1 (S.D. Ind. 2017) (noting that the purpose of a single motion requirement is to "encourage litigants to scrutinize their cases in determining which issues to raise in dispositive motions").

Date: 7/17/2018

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LA VERNE FOSTER
5305 Cotton Bay Drive West
Indianapolis, IN 46254-4520

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov