UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LA VERNE FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04271-JRS-DLP |
| ) | |
| MEGAN J. BRENNAN, Postmaster ) | |
| General, United States Postal Service, ) | |
| Great Lakes Region, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Motion for Recruitment of Legal Counsel and Motion for Leave for Discovery (Dkt. 92). The Motions were referred to the Undersigned for a ruling and, for the reasons set forth below, are hereby **DENIED**. Each motion will be addressed in turn.

A. Motion for Recruitment of Legal Counsel

Ms. Foster initiated this litigation on November 15, 2017 against her former employer. After 9 motions to amend her complaint, the Court recruited Sandra L. Blevins to assist her in screening her claims and drafting an amended complaint. Ms. Blevins withdrew her appearance after filing the amended complaint on April 16, 2018. The Court once again recruited Sandra L. Blevins for the limited purpose of assisting with a settlement conference, which was unsuccessful. Ms. Blevins withdrew her limited representation on December 11, 2018. Ms. Foster now asks the Court to appoint counsel to assist her with discovery.

The Court does not have the resources to ask a lawyer to represent every indigent *pro se* plaintiff (or defendant). The Court must make difficult choices about the cases and tasks for which it will request a lawyer to provide free legal services. In making these choices, the Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it h[er]self?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The Court must deny a request for counsel made without a showing of effort to obtain counsel. *See Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert denied*, 114 S. Ct. 438 (1993).

Here, Ms. Foster has not described any attempts to obtain counsel on her own. Even if Ms. Foster could make a showing that she acted diligently to obtain counsel, the Court remains convinced that Ms. Foster has the skills to navigate discovery without counsel. The Court will, however, be alert to the possibility of recruiting representation for Ms. Foster at trial or at other points in the case where assistance of counsel would benefit both the Plaintiff and the Court. Accordingly, the portion of Plaintiff's Motion (Dkt. 92) requesting recruitment of legal counsel is **DENIED**.

B. Motion for Leave for Discovery

Ms. Foster additionally seeks leave of the Court to propound more than 25 Requests for Admission. S.D. Ind. Local Rule 36.1 states that "[n]o party may serve on any other party more than 25 requests for admission without leave of court" and that "[a]ny party desiring to serve additional requests for admission must file a

written motion setting forth the proposed additional requests for admission and the reason(s) for their use." Ms. Foster has not listed the additional requests she seeks to propound on the Defendant, nor has she listed the reasons for their use. Without such information, the Court cannot determine whether the requests are reasonable or necessary. Accordingly, the portion of Plaintiff's Motion (Dkt. 92) requesting leave for additional discovery is also **DENIED**.

    So ORDERED.

Date: 12/17/2018

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.

La Verne Foster
5305 Cotton Bay Drive West
Indianapolis, IN 46254-4520