UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LA VERNE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04271-JRS-DLP |
| | ) |
| MEGAN J. BRENNAN, Postmaster | ) |
| General, United States Postal Service, | ) |
| Great Lakes Region, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on the Plaintiff's Motion for Depositions (Dkt. 91). The Motion was referred to the Undersigned for a ruling and, for the reasons set forth below, is hereby **DENIED**.

In the present Motion, the Plaintiff requests leave to take depositions of twenty-one (21) employees of the United States Postal Service and further requests that the Court provide a court reporter or stenographer for said depositions. The Defendant filed a response, arguing that the Plaintiff's Motion is deficient generally under the Federal Rules of Civil Procedure.

As required by Federal Rule of Civil Procedure 30(a)(2)(A)(i), the Plaintiff has requested leave of the Court to conduct more than ten depositions. While the request itself is proper, other deficiencies exist that force this Court to deny the Plaintiff's Motion. Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), the party noticing the deposition bears the costs of recording said deposition. Nothing in the

statute governing *in forma pauperis* proceedings requires the Court to pay, or waive, the discovery costs of an *in forma pauperis* litigant. *See, e.g.,* 28 U.S.C. 1915(c), (d); *McNeil v. Lowney,* 831 F.2d 1368 (7th Cir. 1987). The Court can provide a conference room in which a deposition may take place, but the responsibility for securing and paying a court reporter or stenographer falls to the Plaintiff herself. Without a showing that the Plaintiff has secured these services, the Court cannot in good faith grant her Motion.

Additionally, the Court finds that twenty-one (21) depositions of the Defendant's officers and employees is cumulatively burdensome. *See C.A. v. Amli at Riverbend LP,* No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008). This ruling, however, does not address whether the deposition of any one specific officer or employee of the Defendant would be unduly burdensome.

This ruling also does not preclude the Plaintiff from working with counsel for the Defendant to schedule individual depositions of the Defendant's employees. "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *Amli*, 2008 WL 1995451, at *2 (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

So ORDERED.

Date: 12/17/2018

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.

La Verne Foster
5305 Cotton Bay Drive West
Indianapolis, IN 46254-4520