UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LA VERNE FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04271-JRS-DLP |
| ) | |
| MEGAN J. BRENNAN, Postmaster ) | |
| General, United States Postal Service, ) | |
| Great Lakes Region, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Request for Assistance Finding Legal Counsel (Dkt. 129). The Motion was referred to the Undersigned for a ruling and, for the reasons set forth below, is hereby **DENIED**.

<u>Motion for Recruitment of Legal Counsel</u>

Ms. Foster initiated this litigation on November 15, 2017 against her former employer. After 9 motions to amend her complaint, the Court recruited Sandra L. Blevins to assist her in screening her claims and drafting an amended complaint. Ms. Blevins withdrew her appearance after filing the amended complaint on April 16, 2018. The Court once again recruited Sandra L. Blevins for the limited purpose of assisting with a settlement conference, which was unsuccessful. Ms. Blevins withdrew her limited representation on December 11, 2018. Ms. Foster previously requested assistance of counsel, which the Court denied on December 17, 2018. Ms.

Foster now renews her request for assistance of counsel. This request was discussed during the January 28, 2019 discovery conference.

The Court does not have the resources to ask a lawyer to represent every indigent *pro se* plaintiff (or defendant). The Court must make difficult choices about the cases and tasks for which it will request a lawyer to provide free legal services. In making these choices, the Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it h[er]self?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The Court must deny a request for counsel made without a showing of effort to obtain counsel. *See Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert denied*, 114 S. Ct. 438 (1993).

Although Ms. Foster has made a showing that she acted diligently to obtain counsel, the Court remains convinced that Ms. Foster has the skills to navigate discovery without counsel. Furthermore, the Court is satisfied, as represented by Ms. Foster during the discovery conference, that Ms. Foster has the financial means to secure counsel at this time. The Court will, however, be alert to the possibility of recruiting representation for Ms. Foster at trial or at other points in the case where assistance of counsel would benefit both the Plaintiff and the Court. Accordingly, Plaintiff's Motion requesting recruitment of legal counsel is **DENIED**.

So ORDERED.

Date: 1/29/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.

La Verne Foster
5305 Cotton Bay Drive West
Indianapolis, IN 46254-4520